IN RE APPLICATION OF PHELPS.

[Cite as *In re Application of Phelps*, 116 Ohio St.3d 312, 2007-Ohio-6459.]

(No. 2007–1417—Submitted October 17, 2007—Decided December 12, 2007.)

_____

**Per Curiam.**

{¶ 1} Applicant, Rachel Anne Phelps of Akron, graduated from the University of Akron School of Law in May 2005. Phelps filed an application to take the February 2007 bar examination.

{¶ 2} The Admissions Committee of the Akron Bar Association conducted a character-and-fitness interview and recommended that Phelps be approved for admission with qualifications, which under Gov.Bar R. I(11)(F)(1) operated as a recommendation that Phelps not be admitted to practice law in Ohio. The admissions committee expressed concern over Phelps's two arrests for driving

under the influence, her lack of candor and failure to take responsibility for those incidents, and the possibility that she may have a substance-abuse problem. The committee also expressed concern over Phelps's failure to satisfy two civil judgments against her and her having received several parking tickets, many of which were still unpaid.

{¶ 3} After the admissions committee issued its recommendation, Phelps appealed to the Board of Commissioners on Character and Fitness. See Gov.Bar R. I(12). The board appointed a panel to review Phelps's character, fitness, and moral qualifications. The panel heard the cause on June 28, 2007, but Phelps failed to appear at the hearing. The panel unanimously recommended that Phelps not be approved to take the July 2007 bar examination, but recommended that she be allowed to apply to take the July 2008 bar examination and that a full hearing concerning her character and fitness be conducted at that time. The panel further recommended that Phelps be required to demonstrate at the hearing that (1) she has satisfied her financial obligations, (2) she has been assessed for substance abuse, and (3) she has obtained treatment for any substance-abuse problems identified in her assessment. The board adopted the panel's report.

## The Board's Findings

{¶ 4} On December 1, 2001, Phelps was charged with speeding and driving under the influence ("DUI"). Phelps admitted that she had recorded a .085 on the breath-alcohol test, but argued that that reading was under the legal limit at the time. She was found guilty of speeding, and the DUI charge was ultimately dismissed.

{¶ 5} On March 25, 2005, police stopped Phelps for failing to use a turn signal. The officer smelled alcohol on Phelps and asked her whether she had been drinking. Phelps denied drinking alcohol but refused a breath-alcohol test. She was charged with DUI. Officers found a marijuana pipe and a bag of marijuana in her vehicle. Phelps claimed that the marijuana belonged to a friend. Phelps ultimately pleaded no contest to DUI, and the charges of possession of marijuana and drug paraphernalia were dropped.

{¶ 6} The board further noted that Phelps has had two civil judgments entered against her and that she has failed to pay either judgment. Phelps also acknowledged that she has several unpaid parking tickets.

## Review

{¶ 7} Phelps does not challenge the board's findings and recommendation. We have reviewed the board's record and its report, and we agree that Phelps has not demonstrated the requisite character, fitness, and moral qualifications under Gov.Bar R. I(11) to be admitted to the bar. Phelps's failure to appear before the

panel is in and of itself sufficient grounds for disapproving her application. See Gov.Bar R. I(12)(C)(6) (failure to fully cooperate in the character and fitness investigation may be grounds for a recommendation of disapproval). Moreover, Phelps's two DUI arrests and her failure to pay judgments against her and to pay parking fines reveal patterns of disregarding the law and of not taking responsibility for her actions. See Gov.Bar R. I(11)(D)(3)(f). Therefore, we disapprove Phelps's application for admission at this time. Phelps may apply to take the July 2008 bar examination. At that time, she must submit to a full hearing into her character and fitness and must demonstrate that (1) she has satisfied her financial obligations, (2) she has been assessed for substance abuse, and (3) she has obtained treatment for any substance-abuse problems identified in her assessment.

*Judgment accordingly.*

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

Derek Cek, for Akron Bar Association.

Rachel A. Phelps, pro se.